## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**DE'AMONTAE MANNING,**                    CASE NO. 3:25 CV 2515

    Plaintiff,

    v.                                  JUDGE JAMES R. KNEPP II

**JEREMY NOFZIGER,**

    Defendant.                          **ORDER OF DISMISSAL**

    *Pro se* Plaintiff De'Amontae Manning, a state prisoner incarcerated in the Toledo Correctional Institution ("ToCI"), has filed a prisoner civil rights complaint in this case seeking damages. Plaintiff contends Defendant Jeremy Nofziger, a nurse at the ToCI, failed to treat Manning's injuries from an alleged assault on June 4, 2025. (Doc. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. 2).

    Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the complaint. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Absent "imminent danger", a prisoner does not qualify for pauper status and the benefit of the installment plan is denied to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

The three-strikes provision outlined in § 1915(g) does not apply if a "prisoner is under imminent danger of serious physical injury." *Id.* For purposes of interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Allegations of past harm are not sufficient. *Id.* at 798. Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562; *see also Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (plaintiff must plead "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint.") (citation modified); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting courts should focus solely on the facts alleged in the complaint when deciding whether a prisoner faces imminent danger).

Manning is a frequent filer in federal court and has, on at least three prior occasions while incarcerated, filed actions or appeals in federal court that were dismissed on grounds they were frivolous, malicious, or failed to state a claim upon which he may be granted relief. *See, e.g.*, *Manning v. Henderson*, No. 4:24 CV 795 (N.D. Ohio) (dismissed July 19, 2024); *Manning v. Henderson*, No. 3:24 CV 559 (N.D. Ohio) (dismissed Sept. 26, 2025); *Manning v. Ellis*, No. 3:24 CV 1170 (N.D. Ohio) (dismissed Sept. 18, 2024).

Here, Manning does not assert allegations from which the Court can reasonably conclude he was in imminent danger of serious physical injury at the time he filed his complaint in this case in November 2025. Rather, the allegations in his Complaint indicate that he was denied treatment of his alleged injuries in June 2025 – five months prior to filing. And the Complaint alleges Plaintiff received treatment for his injuries the following day. (Doc. 1, at 4-5).

### Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Manning's application to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, DENIED, and this action is DISMISSED pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to proceed with this case, he must pay the full filing fee of $ 405.00 and file a Motion to Reopen within thirty (30) days of this Order. The Clerk's Office is directed not to accept a Motion to Reopen unless it is accompanied by the full filing fee. No other documents will be accepted for filing unless the entire filing fee is paid and the Motion to Reopen is granted.

FURTHER, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: December 8, 2025