**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DE'AMONTAE MANNING, | CASE NO. 3:25 CV 2515 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| JEREMY NOFZIGER, | |
| | **MEMORANDUM OPINION AND** |
| Defendant. | **ORDER** |

### INTRODUCTION

Currently pending before the Court in this civil rights case is Defendant Jeremy Nofziger's Motion to Dismiss. (Doc. 9). *Pro se* Plaintiff De'Amontae Manning, a prisoner in state custody, opposes. (Doc. 12). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons set forth below, Defendant's Motion is granted.

### BACKGROUND

The facts presented in the Complaint are accepted as true for the purposes of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Those facts are as follows.

At 7:00 p.m. on June 4, 2025, unidentified correctional officers used force on Plaintiff. (Doc. 1, at 4). As a result, Plaintiff had "a dislocated shoulder, bruises on [his] shoulder, large open gashes on [his] wrists, swelling in both . . . hands, possible fractured jaw bone, and loss of feeling in [his] arms and hands." *Id.* After the incident, corrections officers contacted a nurse to do Plaintiff's "anatomical" (physical examination). *Id.* Defendant was the responding nurse. *Id.*

When Defendant arrived, Plaintiff told him, "while showing him" about his injuries. *Id.* ("I informed him, [while showing] him, both my hands [were] swollen, with large open gashes

that [were] bleeding, with no feeling in my hands, wrists and arms, possible fractured jaw, bruises on my shoulder, and a dislocated rotator cuff in my shoulder."). Defendant ignored Plaintiff's injuries, "acting as if he didn't see anything wrong with [Plaintiff]." *Id.* Plaintiff requested that his injuries be "decontaminated" and Defendant responded, "no." *Id.* at 5.

The following day, June 5, 2025, at 8:00 a.m., Plaintiff showed another nurse his injuries and he "was escorted to the infirmary immediately." *Id.* A female nurse examined him and provided treatment, including cleaning his wrists, and providing antibiotic ointment and Band-Aids. *Id.* She further ordered x-rays of Plaintiff's left shoulder, both hands, and jaw. *Id.* Per the Complaint, this nurse documented Plaintiff's physical injuries in his chart as:

> Bilateral hands moderate swelling in both palms and dorsal side, left wrist swelling up to mid forearm, full range of motion with pain, [2] superficial cuts near the wrists and crease on the left wrist, the right wrist, [2] open cuts approximately [3cm] in length with no bleeding, a red circular abrasion on the left shoulder of co[llar]bone, red scrapes on back, complaint of pain when moving the left arm, patient can't move the left arm passively above 90 degrees.

*Id.* The Complaint does not allege what the results of the ordered x-rays revealed.

### STANDARD OF REVIEW

Under Federal Civil Rule 12(b)(6), a party may move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Although a complaint need not contain "detailed factual allegations," it must contain more than just "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, to survive a 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

*Pro se* pleadings are held to less stringent standard than pleadings written and drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The liberal construction accorded to *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to "conjure up unpleaded facts" or create claims for *pro se* plaintiffs. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation modified); *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Instead, a *pro se* plaintiff's pleadings must offer fair notice to the defendants of what plaintiff's claims are and the grounds they are asserted under. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). The complaint still must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 at 678).

## DISCUSSION

Defendant moves to dismiss, arguing the following: (1) Plaintiff has not pled facts to support a deliberate indifference claim and has not alleged facts suggesting the alleged delay in his treatment resulted in any detrimental effect; (2) Defendant is entitled to qualified immunity; and (3) Plaintiff's official capacity claims are barred by the Eleventh Amendment. *See* Doc. 9, at 4-10. Plaintiff responds that (1) he did not bring any claims against Defendant in his official capacity; and (2) he has adequately pled a deliberate indifference claim. *See* Doc. 12. Upon review, the Court grants Defendant's Motion.

<u>Official Capacity Claims</u>

Defendant contends any official capacity claims are barred by the Eleventh Amendment. (Doc. 9, at 10). Plaintiff responds that he brought no such claims by only suing Defendant in his

individual capacity. (Doc. 12, at 1). Plaintiff is correct. *See* Doc. 1, at 3 ("Defendant is sued individually and in his individual capacity."). Defendant's request to dismiss any official capacity claims is therefore denied as moot.

Deliberate Indifference

Next, Defendant argues Plaintiff has failed to plead a plausible Eighth Amendment deliberate indifference claim. (Doc. 9, at 4-8).

The Eighth Amendment prohibits "cruel and unusual punishment." In the context of a prisoner's medical needs, an Eighth Amendment violation will lie only "[w]here prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain." *Horn v. Madison Cnty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994). Such a claim has both objective and subjective components. A plaintiff must demonstrate both that he had a medical condition which posed a "substantial risk of serious harm" to him (the objective component), and that a prison official acted with "deliberate indifference" to such risk (the subjective component). *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

The subjective component "requires more than mere negligence, more even than medical malpractice." *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014) (holding the requirement is "something akin to criminal recklessness"). Consequently, "allegations of medical malpractice or negligent diagnosis and treatment" are insufficient to state a claim. *Jennings v. Al-Dabagh*, 97 F. App'x 548, 549-50 (6th Cir. 2004). The subjective component requires a plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). That is, Plaintiff must allege facts to who Defendant "knew of and disregarded an excessive risk

4

to [Plaintiff's] health or safety." *Helphestine v. Lewis Cnty.*, 60 F.4th 305, 315 (6th Cir. 2023) (citation modified).

A prisoner's disagreement with the treatment received is insufficient to rise to the level of an Eighth Amendment violation. *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *Mitchell*, 553 F. App'x at 605 (stating a prisoner's "desire for additional or different treatment does not suffice" to make out a claim). Where a prisoner has received some treatment for a medical need or condition, in order to state an Eighth Amendment claim, the prisoner must show the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Mitchell*, 553 F. App'x at 604 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)); *see also Westlake v. Lucas*, 537 F.2d 857, 860 n 5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

The delay of necessary treatment can rise to the level of an Eighth Amendment violation. *See Blackmore v. Kalamazoo Cnty*, 390 F.3d 890, 899 (6th Cir. 2004) ("When prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates the constitutional infirmity."). However, "an inmate who complains that delay in medical treatment rose to a constitutional violation" must at least allege "the detrimental effect of the delay." *Nickens v. Anderson*, 56 F. App'x 244, 245 (6th Cir. 2003) ("The three day delay in treatment was not excessive considering the nature of the injury. Nickens does not allege that he suffered any long term effect from the injury or the delay in treatment. Therefore, Nickens fails to state a claim under the Eighth Amendment."); *see also Butts v. Paradise*, 2026 WL 281137, at

*5 (W.D. Ky.) ("Significantly, he does not claim a detrimental effect from the alleged delay in treatment. As such, his allegations are insufficient to state a claim for deliberate indifference to serious medical needs."); *Williams v. Massey*, 2025 WL 2632551, at *2 (E.D. Mich.) (granting a motion to dismiss where "Plaintiff ha[d] not alleged any detrimental effects caused by a denial of care"); *Moore v. Parker*, 2013 WL 6590395, at *3 (W.D. Ky.) (dismissing a deliberate indifference claim where "with respect to the one-day denial of medication, Plaintiff allege[d] no detrimental effect of the delay in treatment")

Here, although Plaintiff's Complaint alleges Defendant did not provide him with immediate treatment, the Complaint contains no facts plausibly alleging Defendant "subjectively perceived facts from which to infer *substantial* risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk," *Comstock*, 273 F.3d at 703 (emphasis added), or "knew of and disregarded an excessive risk to [Plaintiff's] health or safety," *Helphestine*, 60 F.4th at 315. Further, the Complaint alleges Plaintiff was provided medical care at 8:00 a.m. the day following the incident (less than 12 hours after the alleged excessive force) and contains no facts plausibly suggesting he suffered any detrimental effect from the delay in treatment.

Even if Defendant's initial refusal to provide any treatment was incorrect, or amounts to medical malpractice or negligence under state law, Plaintiff's allegations do not permit a plausible inference that Defendant acted with unconstitutional "deliberate indifference" to his medical needs within the meaning of the Eighth Amendment. The Court therefore grants Defendant's Motion to Dismiss.

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 9) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 19), be and the same hereby is DENIED AS MOOT; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2026

7